CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BROOKS JAMES TERRELL, | ) | Civil Action No. 7:11-cv-00024 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. RUPERT, et al., | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Brooks James Terrell, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants Mr. Rupert, the Federal Bureau of Prisons ("BOP"), and Harrell Watts. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court terminates the BOP as a defendant.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. However, the BOP is not an individual agent, and plaintiff may not proceed under Bivens against a federal agency. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). Therefore, plaintiff fails to state a claim against the BOP upon which relief may be granted because the BOP is not a proper defendant. Accordingly, the BOP is terminated as a defendant, pursuant to 28 U.S.C. § 1915A and Rule 21, Fed. R. Civ. P.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ____ day of February, 2011.

Senior United States District Judge